IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONTRAIL MELTON,
K71383,

    Plaintiff,

vs.

Case No. 18-cv-1678-SMY

IDOC, and
ROBINSON CORRECTIONAL
CENTER,

    Defendants.

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On September 4, 2018, Plaintiff Montrail Melton, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Robinson Correctional Center ("Robinson"), filed this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. According to the Complaint, Plaintiff received serious burns during an altercation with another inmate. Plaintiff faults IDOC and Robinson for his injuries, claiming he would not have been injured if "they" had done more to protect him.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a)    **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

## DISCUSSION

The Complaint must be dismissed at this time for failure to state a claim upon which relief may be granted. The only named defendants, IDOC and Robinson, are not proper defendants with respect to Plaintiff's claim for damages. IDOC is a state agency, and "[s]tate agencies are not 'persons' for purposes of the Civil Rights Act." *Toledo, Peoria & Wester R. Co. v. State of Ill. Dept. of Transp.*, 744 F.2d 1296, 1298 (7th Cir. 1984). Similarly, Robinson is a division of a state agency (the Department of Corrections) and is not a "person" within meaning of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66–67 (1989); *Smith v. Gomez*, 550 F.3d 613, 618 (7th Cir. 2008).

Moreover, Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Plaintiff does not associate his claims with any particular individual. He simply claims that "they" should have done more to protect him from the alleged assault. This is insufficient to state a claim; Plaintiff must make plausible allegations against individuals. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A successful Complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Thus, if Plaintiff wants to pursue his claims, he must file an amended complaint. The amended complaint should identify who violated Plaintiff's constitutional rights by name, if known, and should include a description of

how Plaintiff's rights were violated. If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation (e.g., John Doe 1 (correctional officer working the noon shift). Additionally, any individual Plaintiff intends to sue should be identified as a defendant in the case caption and should be referenced in the body of the amended complaint.

## Disposition

**IT IS HEREBY ORDERED** that Defendants **IDOC** and **ROBINSON CORRECTIONAL CENTER** are **DISMISSED** with prejudice. The Clerk of the Court is **DIRECTED** to terminate these entities as parties in CM/ECF. For administrative purposes, the Clerk of the Court shall substitute "Unknown Party" as the defendant.

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted**.**

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before October 4, 2018. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for this action (i.e. 18-cv-1678-SMY).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 5, 2018**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**
