IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONTRAIL MELTON,
K71383

    Plaintiff,

vs.

Case No. 18-cv-1678-SMY

DAVID W. RAINE,
JOHN R. BALDWIN,
MICHELLE NEESE, and
Z. ANDERSON,

    Defendants.

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

On September 4, 2018, Plaintiff Montrail Melton, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Robinson Correctional Center ("Robinson"), filed this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the original Complaint (Doc. 1), Plaintiff attempted to bring claims against IDOC and Robinson for serious burns he received during an altercation with another inmate. Because IDOC and Robinson are not amenable to suit under § 1983, the Court dismissed the original Complaint without prejudice and with leave to amend. (Doc. 5). The Court advised Plaintiff that the amended complaint should describe how individual defendants violated his constitutional rights (i.e. it is not enough to allege that "they" failed to protect Plaintiff). *Id.*

Plaintiff's First Amended Complaint (Doc. 7) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, any portion of the Complaint that is

legally frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## DISCUSSION

As with the original Complaint, Plaintiff contends that he sustained serious burns during an altercation with another inmate and alleges that "they" should have done more to protect him. (Doc. 7, p. 7). Plaintiff identifies Warden Raine, Warden Neese, IDOC Director Baldwin, and Officer Anderson as defendants in the case caption, but does not describe how they violated his constitutional rights. In fact, these individuals are not referenced in the statement of claim at all. Instead, Plaintiff directs his allegations against "the officers," "the officer," and "they." *Id.* As the Court explained in its previous Order (Doc. 5), this is insufficient to state a claim; Plaintiff must make plausible allegations against individuals. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation.").

A successful Complaint generally alleges "the who, what, when, where, and how…" *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Therefore, if Plaintiff wishes to pursue his claims, he must file an amended complaint describing ***how*** Warden Raine, Warden Neese, IDOC Director Baldwin, and/or Officer Anderson violated his rights. For example, if Plaintiff complained to Warden Raine, Warden Neese, IDOC Director Baldwin, or Officer Anderson about a threat to his safety, he should say so in his statement of claim. He should then explain what Warden Raine, Warden Neese, IDOC Director Baldwin, or Officer Anderson did

2

(or failed to do) in response.

## Disposition

**IT IS HEREBY ORDERED** that the First Amended Complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a "Second Amended Complaint" on or before November 8, 2018. **Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions contained in this Order, the entire case will be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.** FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Also, Should Plaintiff file a Second Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and use the case number for this action (i.e. 18-cv-1678-SMY). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was

incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 11, 2018**

s/ STACI M. YANDLE
**STACI M. YANDLE
United States District Judge**