# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONTRAIL MELTON, K71383 | ) ) ) |
| Plaintiff, | ) ) ) Case No. 18-cv–1678-SMY |
| vs. | ) ) |
| DAVID W. RAINE, JOHN R. BALDWIN, MICHELLE NEESE, and Z. ANDERSON, | ) ) ) ) |
| Defendants. | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Montrail Melton, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lincoln Correctional Center ("Lincoln"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the original Complaint (Doc. 1), Plaintiff attempted to bring claims against IDOC and Robinson Correctional Center for burns he received during an altercation with another inmate. Because IDOC and Robinson are not amendable to suit under § 1983, the Court dismissed the original Complaint without prejudice and with leave to amend. (Doc. 5). Plaintiff filed a First Amended Complaint (Doc. 7) in which he identified several individuals, but did not describe how they violated his constitutional rights. The Court again dismissed Plaintiff's claims without prejudice for failure to state a claim and granted him leave to amend.

Plaintiff's Second Amended Complaint (Doc. 11) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen

1

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

**The Complaint**

Plaintiff makes the following allegations in his Second Amended Complaint (Doc. 11): On August 3, 2018, Plaintiff informed Officer Z. Anderson that Inmate Trennis Milan threatened to hurt him. (Doc. 11, p. 34). However, Officer Anderson did not investigate the matter, and that same day, Milan poured boiling water, which he had boiled on a hot pot, on Plaintiff causing 2nd and 3rd degree burns. (*Id.*). Plaintiff also alleges that hundreds of IDOC inmates are injured by burns from hot pots like the one that Milan used, and that IDOC's Directors and Wardens have failed to do anything to combat hot pot assaults. (*Id.*).

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into two Counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1 –** **An Eighth Amendment claim against Officer Z. Anderson for failure to protect Plaintiff from Inmate Milan after Plaintiff reported threats from Milan.**
>
> **Count 2 –** **An Eighth Amendment claim against John R. Baldwin, Michelle Neese, and David W. Raine for failing to combat hot pot assaults.**

**Discussion**

**Count 1**

Plaintiff has stated a colorable failure to protect claim against Officer Z. Anderson. See, *Farmer v. Brennan*, 511 U.S. 825 (1994); *Cobian v. McLaughlin*, 717 F. App'x 605, 610 (7th Cir.

2

2017) (citing *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008)). Accordingly, Count 1 will receive further review.

## Count 2

As to Count 2, an individual can only be held liable for his or her own personal actions and their own knowledge. *See Vinning-El v. Evans, 657 F.3d 591, 592 (7th Cir. 2011); Burks v. Raemisch,* 555 F.3d 592, 594 (7th Cir. 2009). In other words, Section 1983 does not provide for vicarious liability. *Burks*, 555 F.3d at 593. Allegations that senior officials were personally responsible for creating the policies, practices and customs that caused a constitutional deprivation can, however, suffice to demonstrate personal involvement for purposes of Section 1983 liability. *See Doyle v. Camelot Care Centers, Inc.,* 305 F.3d 603, 615 (7th Cir. 2002).

Plaintiff alleges that the two wardens and director lacked "some sort of" safe guard to combat hot pot assaults after hundreds of incidents of inmates being burned from hot pots. This allegation is sufficient to trigger these senior officials' personal responsibility for the creation of or lack of policy to safeguard inmates' use of hot pots. However, he does not allege that these defendants were aware of the particular threat to Plaintiff by Milan. As such, Plaintiff has failed to state a viable Eighth Amendment claim against Baldwin, Raine, and Neese.

## **Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** will proceed as to Defendant Z. Anderson.

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED without prejudice** as to David R. Raine, John R. Baldwin, and Michelle Neese for failure to state a claim upon which relief may be granted. The Clerk of the Court is **DIRECTED** to terminate these individuals as defendants in CM/ECF.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant Z. Anderson: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the

full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 15, 2019.**

*/s/ Staci M. Yandle*
**STACI M. YANDLE**
**U.S. District Judge**

### Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more.  When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.

Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**